Richard J. Samson
CHRISTIAN SAMSON, PLLC
310 W. Spruce St.
Missoula, MT 59802
Telephone: (406)721-7772
Fax:(406)721-7776
E-mail: rjs@csjlaw.com
Attorney ID No. 1904
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **SHERRI LEE GUNDERSON,** ) | Case No. **15-60526**-7 |
| ) | |
| Debtor. ) | |

**TRUSTEE'S MOTION FOR AUTHORITY TO SELL PROPERTY
FREE AND CLEAR OF LIENS AND ENCUMBRANCES
(11 U.S.C. §§363(b) and (f))**

COMES NOW, the Chapter 7 Trustee, Richard J. Samson ("Trustee"), and respectfully requests the Court for the entry of an Order authorizing the sale of certain real property of this bankruptcy estate, free and clear of liens and encumbrances, with valid liens attaching to the sale proceeds. The basis of this motion is as follows:

1. Debtor filed a voluntary petition under Chapter 7, Title 11, U.S.C., on June 9, 2015. Trustee was appointed to serve in this case on June 10, 2015 and remains as the duly qualified and acting Trustee in this case.

2. Part of the property of this Bankruptcy Estate consists of certain real property located at 1213 Mapuana Street, Kailua, HI 96734 and is further described as follows:

All of that certain parcel of land situate at Kailua, District of Koolaupoko, City and County of Honolulu, State of Hawaii, described as follows:

Lot 742, area 8,115 square feet, more or less, as shown on <u>Map 141</u>, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii with Land Court Application No. 1508 of Louise Loo.

Together with an easement for any and all purposes to be used and enjoyed in common others legally entitled over, across, along, upon and under Easement 40 feet wide, as shown on Map <u>2</u> of said Land Court Application No. 1508; Provided, however, that if and when said easement area shall be conveyed to or acquired by the City and County of Honolulu, State of Hawaii or any other governmental authority for use as a public highway, then and in such event, all private rights in the easement area shall forthwith terminate.

3.  Trustee currently proposes to sell the estate's interest in said real property, free and clear of all liens and encumbrances, for the total cash sum of SEVEN HUNDRED THOUSAND AND NO/100 DOLLARS ($700,000.00) to TCT Properties, LLC of 711 N. Fielder, Arlington, TX 76012.  Trustee would advise the Court he does anticipate one or more "upset" bids in regard to his proposed sale of the subject real property.

4.  The real property proposed for sale is subject to the following liens:

(A)  Undisputed lien of the City and County of Honolulu, for unpaid real property taxes for the year 2019, which are now a lien but not yet payable in the estimated amount of $873.00 that will be due and owing by the Seller at the time of closing.

( B )  Undisputed lien of Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for the CWALT, Inc., Alternative Loan Trust 2005-64CB, c/o Bayview Loan Servicing, LLC, in the current estimated amount of $725,000.00, secured by a Mortgage recorded on September 28, 2005, as Land Court Document No. 3335017; the beneficial interest of record under said Mortgage was assigned to The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for the CWALT, Inc., Alternative Loan Trust 2005-64CB, by assignment recorded June 24, 2011 as Land Court Document No. 4090098.  Bayview Loan Servicing, LLC, is the current servicer on this loan.

(C)  Undisputed lien of MERS an nominee for Countrywide Home Loans, Inc., in the current estimated amount of $200,000.00, secured by a Mortgage recorded September 28, 2005, as Land Court Document No. 3335018; the beneficial

        interest of record under said Mortgage was assigned to FCI Lender Services, Inc. by assignment recorded August 8, 2016 as Land Court Document No.

(D)     Undisputed Judgment lien filed on October 24 2013, in the Circuit Court of the First Circuit, State of Hawaii, Civil No. 12-1-2954, in the sum $67,019.98, in favor of Honolulu Federal Credit Union, and against Sherri Lee Gunderson.

(E)     Undisputed Judgment lien filed on January 26, 2012, in the District Court of the First Circuit, Ko'olaupoko Division, State of Hawaii, Civil No. 1RC11-1-7493, in the sum $2,613.65, in favor of Vion Holdings, LLC, and against Sherri Gunderson.

5.     Trustee requests the Court's authority to sell the above described real property, free and clear of liens and encumbrances, to the person/entity making the highest and best offer for the purchase of the real property, and to satisfy from the proceeds of said sale, all valid liens and encumbrances, to the extent of available cash proceeds, as further referenced herein.

6.     Based on his analysis of the subject real property, Trustee represents that he believes the proposed sale price of $700,000.00 is a fair and reasonable offer for the sale of the subject real property. Bayview Loan Servicing, LLC, as servicer for the first position lien holder, conducted an appraisal of the real property in January 2019. That appraisal reflected a fair market value for the real property to be in the range of $710,000.00.

7.     The subject real property had been offered for sale by the Trustee on an "off and on" basis since 2016. After it became apparent to the Trustee that the real property would not sell in an amount to satisfy all liens and encumbrances as disclosed above, Trustee, through his short sale agent Michael Crane, commenced negotiations for a "short sale" of the subject real property with Bayview Loan Servicing, LLC ("Bayview"), the servicer for the first position lien holder. An agreement has now been reached between Trustee and Bayview, which will allow the Trustee to deduct from sale proceeds <u>owing</u> to Bayview, sufficient funds to pay all closing costs,

real estate taxes, and real estate brokers commissions. Additionally, Bayview has agreed to a carve-out payment to the bankruptcy estate, in the minimum amount of $15,000.00 provided, however, that Bayview is paid the cash sum of $607,000.00 at the time of closing on a sale of the real property in full satisfaction of its first position mortgage.

8. Trustee would further represent that the proposed purchase price for the subject real property is well within the range of the fair market value analysis that was completed by the Trustee as part of his due diligence on this property. The proposed sale of the real property to the proposed purchaser is "**AS IS, WHERE IS**". Because of anticipated "upset" bids for the purchase of the subject real property, Trustee believes the actual sales price for the subject real property may well exceed the offered $700,000.00.

9. The proposed sale by the Trustee contemplates a "short sale" of the subject real property free of liens and encumbrances. Trustee, with the assistance of his short sale agent, has negotiated a sale-purchase agreement with the proposed Buyer in the amount of $700,000.00. If this sale is approved by the Court, Trustee intends to disburse funds to the first position secured creditor and pay related closing expenses at the time of closing, through his closing agent, in the following estimated amounts:

i) to pay 2019 real estate taxes and closing costs in the estimated amount of $36,375; ii) to pay a real estate broker's commission in the amount of 6% of the gross sales price to the Trustee's real estate broker/short sale agent; iii) to pay a carve out payment to the bankruptcy estate in the amount of $15,000.00; and iv) to pay to Bayview Loan Servicing, LLC, the sum of $607,000.00 in full satisfaction of its first position lien against the subject real property. Per guidelines established by the United States Trustee for Region 18, at least one-half (½) of any

carve-out amount to be paid to the bankruptcy estate shall be distributed to pre-petition priority and unsecured creditors.  **No other creditors with liens attaching to the subject real property will receive payment at the time of closing**.

      10.     Based on the foregoing, Trustee seeks authority to sell the subject real property, pursuant to 11 U.S.C. § 363(b) and (f), on the following terms and conditions:

| | | |
|---|---|---|
| a. | Property to be Sold: | The real property as described in this motion |
| b. | Purchaser: | TCT Properties, LLC |
| c. | Price: | $700,000.00 |
| d. | Terms: | Cash to Seller at Closing |
| e. | Release of Liens: | Bayview Loan Servicing, LLC, as servicer, will release the first position lien upon receipt of the payment as set forth in this motion.  If the above lienholder does not release its lien upon payment of those funds specified herein resulting from the closing of the subject real property, then Trustee will be authorized to sign lien releases for any/all of the subject lienholders. |

      12.     Trustee believes and therefore alleges that the proposed purchasers in this transaction are good faith purchasers for value, pursuant to 11 U.S.C. § 363(m).

      13.     Trustee further represents that the proposed sale price of $700,000.00 is a fair and reasonable offer for the sale of the real property, based on the appraisal provided by Bayview Loan Servicing, LLC.

      14.     Trustee proposes to sell the estate's interest in the above-described real property on the terms set forth herein for the minimum cash sum of $700,000.00.  If Trustee receives an offer from a proposed purchaser which exceeds the current purchase offer by at least $5,000.00 and said offer is specifically made "subject to" the same terms and conditions of this proposed sale, then Trustee intends to file an Amended Motion with the Court identifying the identity of the party who presents an upset bid, the proposed purchase amount and seek the Court's

ratification to sell the real property to the person presenting the upset bid. The Trustee will notify all parties of the "upset bid", including the Court, and will file and, as referenced an amended sale motion will be filed to take into account the higher purchase offer. Trustee's proposed closing date on this offer or on any additional offers will be May 3, 2019 provided, however, that should extenuating circumstances arise, Trustee seeks authority from the Court to extend the closing date for an additional fourteen (14) days.

15. Trustee acknowledges that the subject real property is currently titled in the name of both the Debtor and also Joseph Gary Stewart, a non-debtor owner, as tenants in common. Trustee has been in discussions with Mr. Stewart regarding obtaining his consent to the proposed sale to TCT Properties and believes the parties are close to negotiating an agreement that will allow Trustee to sell the subject real property with Mr. Stewart's consent. Trustee is aware that without Mr. Stewart's consent to the proposed sale, he cannot close on the sale of the real property without first obtaining an Order from this Court authorizing a sale of the subject real property, including the interest of Mr. Stewart. Trustee would represent to the Court that if an agreement is not reached with Mr. Stewart regarding his consent to the sale within fourteen (14) days of the filing of this Motion, then Trustee will withdraw this Motion and will proceed to file an Adversary Proceeding and seek an Order authorizing the sale of the Debtor's interest in the real property, as well as the interest of the non-Debtor, i.e., Mr. Stewart, pursuant to Bankruptcy Rule 7001(3).

16. Pursuant to Local Bankruptcy Rules, a separate application will be filed with the Court seeking authority to pay the real estate broker/short sale agent fees for the professional retained in this case. Any real estate broker/short sale agent commissions owing will not be paid

without prior approval of the Court.

17. Finally, pursuant to Rule 6004(h), Trustee respectfully requests the fourteen (14) day stay of any Order approving the sale of the subject real property be waived by the Court.

WHEREFORE, Trustee respectfully requests the Court to enter its Order authorizing the sale of said real property as described herein, free and clear of liens, with valid liens attaching to the sale proceeds, for the cash sum of $700,000.00, to TCT Properties, LLC, or to any other higher and better offer received by the Trustee; and that the Trustee be authorized to make those disbursements from the sale proceeds at the time of closing to satisfy all closing costs, outstanding real estate taxes and similar liens secured by the subject real property, with the net proceeds from the sale in the minimum amount of $15,000.00 to be paid to the Chapter 7 Trustee per his agreement with Bayview Loan Servicing, LLC.

DATED this   15th   day of March, 2019.

                CHRISTIAN SAMSON, PLLC

                By:  */s/ Richard J. Samson*
                         Richard J. Samson
                         Chapter 7 Trustee

<u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify under penalty of perjury that on March 15, 2019, a true and correct copy of the foregoing Motion for Authority to Sell Property Free and Clear of Liens and Encumbrances was served by either electronic means, pursuant to LBR 7005-1, 9013(c) and 9036-1, on all parties entitled to notice through the Court's ECF system and/or by regular first class mail, postage prepaid, at Missoula, Montana, to those persons requesting special notice in this case and to those persons or entities further identified below:

Office of the U.S. Trustee
(Via ECF)

Sherri Lee Gunderson
Gary Joseph Stewart
P. O. Box 9298
Missoula, MT 59807

                                             */s/ Richard J. Samson*