Richard J. Samson
CHRISTIAN SAMSON, PLLC
Attorneys at Law
310 W. Spruce
Missoula, Montana  59802
Telephone: (406) 721-7772
Fax: (406) 721-7776
E-Mail: rjs@csjlaw.com
Attorney I.D. No.: 1904

Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **SHERRI LEE GUNDERSON,** | ) | Case No. **15-60526**-7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **RICHARD J. SAMSON, Trustee,** | ) | Adversary Proceeding No. |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| **GARY JOSEPH STEWART,** | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT TO SELL CO-OWNED PROPERTY FREE AND CLEAR
### OF LIENS AND ENCUMBRANCES
### (11 U.S.C. § 363(h))

COMES NOW Richard J. Samson, Trustee of the above captioned bankruptcy estate, and for his Complaint against the Defendant, states and alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under 11 U.S.C. § 363(h) of the Bankruptcy Code and the

Court's jurisdiction over this adversary proceeding is based on 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and Rule 7001(3), F.R.B.P. Venue in this case is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## GENERAL ALLEGATIONS

2. On June 9, 2015, Sherri Lee Gunderson (hereinafter "Debtor"), filed a voluntary petition under Chapter 7, Title 11, U.S.C. with this Court.

3. Plaintiff, Richard J. Samson, (hereinafter "Trustee"), was appointed to serve in this case on June 10, 2015 and is the duly qualified and acting Trustee in this Chapter 7 case and has standing, pursuant to 11 U.S.C. §§ 363(h) and 541, to bring this action.

4. Prior to the filing of her Chapter 7 case, Debtor and Gary Joseph Stewart (hereinafter "Defendant") were the co-owners of certain real property located at 1213 Mapuana Street, Kailua, Hawaii 96734 (the "Co-Owned Property"). Upon information and belief, Trustee alleges the Debtor and the Defendant hold title to the real property as tenants-in-common.

5. The Debtor's interest in the Co-Owned Property is property of the bankruptcy estate, pursuant to 11 U.S.C. § 541(a).

6. Over the course of the past several years, both the Trustee and the Defendant have engaged in good faith negotiations in an effort to reach an agreement that would allow for the sale of the Co-Owned Property by the Trustee with the consent of the Defendant. The parties have been unable to reach an agreement.

7. On May 21, 2019, Trustee filed his motion in the main bankruptcy case with the Court seeking to sell the Co-Owned Property Free and Clear of Liens and Encumbrances, pursuant to 11 U.S.C. § 363(f). *See, Docket No. 68 in 15-60526.*

8. Pursuant to Bankruptcy Rule 7001(3), based on the Defendant's lack of consent to a sale, Trustee is required to commence this Adversary Proceeding to obtain an Order of the Court under § 363(h) for the sale of both the interest of the estate and of a co-owner in the property.

9. Trustee seeks an Order of this Court authorizing the sale of the estate's interest and the Co-Owner's interest in the Co-Owned property.

## COUNT I
### (Sale of Co-Owned Property - 11 U.S.C. § 363(h))

10. The Trustee re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 9.

11. Pursuant to 11 U.S.C. § 363(h), Trustee seeks an order authorizing the sale of both the estate's interest and the interest of the Defendant in the Co-Owned Property, free and clear of liens and encumbrances, as set forth in his Motion filed at Docket No. 68 in the bankruptcy case.

12. Partition in kind of the Co-Owned Property among the estate and the Defendant co-owner is impracticable.

13. The sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of the Defendant co-owner.

14. The benefit to the estate of a sale of such property free of the interests of the co-owner outweighs the detriment, if any, to the Defendant co-owner.

15. The Co-Owned Property is not used for the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

16. At the present time, there is no equity over and above liens or taxes owing against the Co-Owned Property which would provide a benefit to the Defendant co-owner.

17. Trustee alleges he meets all of the requirements of § 363(h) of the Bankruptcy Code to sell the Co-Owned Property.

## COUNT II
### (Sale of Real Property Free and Clear of Liens - 11 U.S.C § 363(f)(4))

18. The Trustee re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17.

19. Pursuant to 11 U.S.C. § 363(f)(4), Trustee alleges that a bona fide dispute exists between himself and the Defendant co-owner regarding the sale of the Co-Owned Property.

20. Based on the bona fide dispute, Trustee seeks the Court's authority to sell the Co-Owned as set forth in his Motion filed at Docket No. 68 in the bankruptcy case, and at the time of closing on the sale, after payment of all closing costs, taxes, real estate commissions and payment to the first position lien holder, that any remaining funds payable to the bankruptcy estate as part of a proposed "carve out" be escrowed with the closing agent, pending further proceedings in this Adversary Proceeding.

WHEREFORE, based on the foregoing, the Trustee prays for relief as follows:

A. That Trustee be authorized to sell the Co-Owned Property, including the estate's interest and the interest of the Defendant co-owner, pursuant to the provision of 11 U.S.C. § 363(h).

B. That the Trustee be authorized to sell the Co-Owned Property, including the estate's interest and the interest of the Defendant co-owner, free and clear of all liens and encumbrances, and at the time of closing on the sale, after payment of all closing costs, taxes,

real estate commissions and payment to the first position lien holder, that any funds payable to the bankruptcy estate as part of a proposed "carve out" be escrowed with the closing agent, pending further proceedings in this Adversary Proceeding.

    C.    For such other and further relief as the Court deems proper.

DATED this   31st   day of May, 2019.

CHRISTIAN SAMSON, PLLC


By: */s/ Richard J. Samson*
      Richard J. Samson
      Chapter 7 Trustee