UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**SHERRI LEE GUNDERSON**,

Debtor.

Case No. **15-60526-7**

**ORDER**

At Butte in said District this 2nd day of July, 2019.

In this Chapter 7 case the Trustee filed on July 20, 2019, a Final Application for Professional Fees and Costs ("Application") for liquidating agent/consultant for the Trustee Michael D. Crane and Chapter 7 Solutions, LLC ("Applicants") at ECF 85. The Application requests an award of professional fees for Applicants in the total amount of $39,600.00 on a contingency fee basis. The Trustee moved to shorten notice of the Application from 14 days to 7 days, which the Court granted by Order at ECF No. 88. No objection has been filed within the allowed notice period, which the Court deems an admission that the relief requested should be granted. The U.S. Trustee has not filed a response to this Application pursuant to 28 U.S.C. § 586(a)(3)(A).

Notwithstanding the absence of opposition to this Application, this Court has an independent obligation to review each application to evaluate the propriety of the compensation requested. *Law Offices of David A. Boone v. Derham-Burk (In re Eliapo)*, 298 B.R. 392, 402 (9th Cir. BAP 2003 (*Eliapo I*), *rev'd in part on other grounds*, 468 F.3d 592 (9th Cir. 2006); *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 841 (3rd Cir. 1994).

The Trustee seeks approval of professional fees in the amount of $39,600.00 for Applicants on a contingency fee basis. Compensation based upon a contingency fee is

1

contemplated and authorized under the Bankruptcy Code. 11 U.S.C. § 328(a). The "lodestar" method, multiplying a reasonable number of hours by a reasonable hourly rate, is the primary but not exclusive method of calculating fees. *Unsecured Creditors' Committee v. Puget Sound Plywood, Inc. (Puget Sound)*, 924 F.2d 955, 960 (9th Cir. 1991). In *Puget Sound*, the Ninth Circuit affirmed an award based on an alternative formula based on a percentage of what the applicants recovered for the estate instead of the "lodestar" method. *Id.* at 961.

Therefore, this Court approves the use of contingency fee awards to attorneys in bankruptcy cases if the employment and fee arrangements are properly disclosed and approved. *In re Foodservice Equipment, Inc.*, 14 Mont. B.R. 512, 513 (Bankr. D. Mont. 1995). In the instant case a contingency fee arrangement for Applicants was disclosed and approved and shall form the basis of Applicant's compensation.

Applicants were employed by the Trustee as liquidating agent/consultant on a contingency fee basis of six percent (6%) of gross sales price of estate property located in Kailua, Hawaii by short sale, the terms of which were disclosed in the Trustee's application for employment of Applicants as liquidating agent/consultant which was filed at ECF No. 18, and were approved by Order entered on October 2, 2015. As a result of Applicants' services the estate recovered a gross recovery from the sale of the Hawaii property in the total amount stated of $660,000, which was approved by the Court on June 7, 2019. The requested contingency fee award of $39,600.00 is within the range of the contingency fee provided in the employment application.

Based upon these results, after independent review and in the absence of any objection or opposition after notice, the Court finds that the services provided by Applicants as liquidating agent/consultant for the Trustee in relation to the short sale of Hawaii property were reasonable

and necessary for the estate. The Court further finds that a contingency award in the total amount of $39,600.000 is consistent with the approved contingency fee disclosed in the employment application, and is reasonable and necessary.

**IT IS ORDERED** the Trustee's "Final Application for Professional Fees and Costs" filed on June 20, 2019, at ECF No. 85 is **APPROVED;** and liquidating agent/consultant for the Trustee Michael D. Crane and Chapter 7 Solutions, LLC, are awarded reasonable professional fees in the amount $39,600.00, payable as an administrative expense.

BY THE COURT:

_____
Hon. Benjamin P. Hursh
United States Bankruptcy Court
District of Montana